## 12173. WALKER v. THE STATE.

BROYLES, C. J.  1. When any apparatus for the manufacturing of whisky is found upon a person's premises, that fact in itself is prima facie evidence that the person in actual possession of the premises had knowledge that the apparatus was upon the premises. Ga. L. Ex. Sess. 1917, p. 18. Under this ruling it was not error for the court in the instant case to refuse to charge the jury as follows: "Before you would be authorized in convicting the defendant in this case, if you find there was a still or apparatus for manufacturing whisky on the premises of the defendant, Will Walker, you would have to find further that he permitted the same to be located or placed there, or that he had knowledge of it being there on his premises, and permitted it to remain there; and you would have to believe this beyond a reasonable doubt."

2. The remaining grounds of the amendment to the motion for a new trial, not having been referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

3. From the evidence and the defendant's statement, the jury were authorized to find that he was in possession of the house where the apparatus for manufacturing whisky was found, and to return a verdict of guilty.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 13, 1921.

Accusation of violation of liquor law; from city court of Dublin — Judge Sturgis.  January 15, 1921.

*W. A. Dampier, Charles S. Loden,* for plaintiff in error.

*William Brunson, solicitor,* contra.